

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:                              Opinion No. 0-1094

Re: Whether a person who
accepts goods at a
point prior to destina-
tion and transports same
in his own trucks to
destination, receiving a
freight allowance, is a
"motor carrier" or
"contract carrier" and
required to have a permit

We received your letter of July 3, 1939, submitting the following
fact situation: goods are shipped from a distant point to a
consignee in the interior of Texas on a prepaid basis. However,
the consignee is permitted to accept delivery at a steamship
company pier in Houston and he transports the goods from that
point to destination in his own truck, receiving a credit in
the amount that a certificated carrier would have required to
make the haul. Such person not having a certificate or permit
issued by the Railroad Commission of Texas, you request our
opinion as to whether he is in violation of law.

Article 911b, Revised Statutes of Texas, is the Act placing motor
carriers for hire under the regulation of the Railroad Commission
of Texas. Subsections (g) and (h) of Section 1 of said Article
911b read as follows:

"(g) The term 'motor carrier' means any person, firm, corporation, company, co-partnership, association or joint stock association, and their lessees, receivers or trustees appointed by any Court whatsoever, owning, controlling, managing, operating or causing to be operated any motor propelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transpprtation a highway between two or more incorporated cities, towns or villages is traversed; provided that the term 'motor carrier' as used in this Act shall not include, and this Act shall not apply to motor vehicles operated exclusively within the incorporated limits of cities or towns.

"(h) The term 'contract carrier' means any motor carrier as hereinabove defined transporting property for compensation or hire over any highway in this State other than as a common carrier. (Acts 1929, 41st Leg., p. 698, ch. 314, as amended Acts 1931, 42nd Leg., p. 480, ch. 277, par. 1. )"

Section 2 of said Article 911b reads as follows:

"Sec. 2. No motor carrier, as defined in the preceding section, shall operate any motor propelled vehicle for the purpose of the transportation or carriage of property for compensation or hire over any public highway in the State except in accordance with the provisions of this Act; . . ."

Section 5 of said Article 911b reads:

"Sec. 5. No motor carrier shall hereafter operate as a common carrier for the transportation of property for compensation or hire over the public highways of this State without first having obtained from the Commission under the provisions of this Act a certificate declaring that the public convenience and necessity requires such operation; . . ."

It is quite clear that the operator of a truck is not within Article 911b and subject to regulation by the Railroad Commission unless he operates such vehicle for "compensation or hire." We think that such compensation or hire must be paid by others for the transportation of goods belonging to such others. Essentially there is no difference between the situation here presented and the one where the consignee directs shipment to Houston in the first place, takes delivery there and himself transports the goods to the point desired. In the case at hand the contract has been modified to do that very thing. He is transporting his own goods. In 13 C.J. Secundum, at page 26, among the tests prescribed for determining whether a person is a common carrier of goods is: "(1) He must be engaged in the business of carrying goods for others as a public employment, and must hold himself out as ready to engage in the transportation of goods for persons generally as a business, and not as a casual occupation." As pointed out at page 31 of the same work the only difference between the common carrier and the private carrier is that the latter does not hold himself out to transport property for the public in general but simply undertakes to carry goods in particular cases on special agreements.

Our answer to your question is a negative one.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Glen R. Lewis
Assistant

GRL;PL/cge

APPROVED AUG. 10, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By: RWF, Chairman